JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-00179-RGK | Date | March 19, 2010 |
|---|---|---|---|
| Title | *ALFRED H. SIEGEL v. LOUISE E. CALDERA, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Motion to Withdraw Case from Bankruptcy Court (DE 1); Ex Parte Application to Strike the FDIC's Limited Joinder (DE 21)

## I.     INTRODUCTION

This case is before the Court for the limited purpose of determining whether it should be withdrawn from the bankruptcy proceeding and adjudicated in district court. The Motion to Withdraw ("Motion") is filed by the former directors ("Directors") of the Indymac Bancorp, Inc. ("Bancorp").The Federal Deposit Insurance Corporation (the "FDIC") has filed a "limited joinder application," also asking this Court to withdraw the case. The Trustee of Bancorp ("Trustee") oppose the Motion. Trustee has also filed an Ex Parte Application ("Application") to Strike the FDIC's limited joinder. For the reasons offered below, Trustee's Ex Parte Application to Strike the FDIC's Limited Joinder Filing is **GRANTED**. The FDIC's Limited Joinder Filing is **STRICKEN**. Director's Motion for Withdrawal is **DENIED**.

## II.    FACTUAL BACKGROUND

Bancorp was the sole holding company for the Indymac Bank ("Bank"). Bancorp did not own any other bank other than Bank. On July 11, 2008, the Office of Thrift Supervision ("OTS") closed Bank and appointed the FDIC as its receiver. On the same day, Bancorp filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq. in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"). Alfred Siegel is appointed the trustee ("Trustee") of Bancorp. At all relevant times, Directors served as directors of both Bancorp and Bank.

The matter before this Court arises out of Bancorp's bankruptcy proceeding. In that proceeding, in the Bankruptcy Court, Directors filed a claim for unpaid wages, attorneys fees, and other costs against Bancorp. Trustee, in contrast, argued that Directors, in their capacity as the directors of Bancorp, had breached their fiduciary duty to Bancorp. Trustee's theory is in part based on Directors' transferring money from Bancorp to Bank after if had become apparent that Bank was going to fail. Trustee argues that Directors should have known that Bank would fail even with Bancorp's financial aid, and in that light, they owed a fiduciary duty to Bancorp to let Bank fail sooner rather than later rather than wasting Bancorp's money. Directors counter that they had an obligation to support Bank. Before the Bankruptcy Court could resolve the dispute, Directors moved this Court to withdraw the case.

### III. JUDICIAL STANDARD

The district court's jurisdiction over a bankruptcy case is mandatory where the "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). "Withdrawal under 28 U.S.C. § 157(d) is not available merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 995 (2d Cir. 1990)(quoting *In re Ionosphere Clubs, Inc.*, 103 B.R. 416, 418-19 (S.D.N.Y.1989)). Routine application of non-Bankruptcy code federal statutes does not warrant withdrawal. *In re Ionosphere Clubs, Inc.,* 922 F.2d at 995.

### IV. DISCUSSION

Directors suggest that withdrawal is mandatory for two reasons. First, they argue that the Trustee's breach of fiduciary claim implicates the "source of strength doctrine." Second, they argue that the Court must interpret the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA") to determine if Trustee has standing to bring claims against Directors, or whether the FDIC is the correct entity to advance this case instead. They also argue that if not mandatory, withdrawal will advance judicial economy. Therefore, they ask this Court to exercise discretion and withdraw the case from the Bankruptcy Court. For the reasons set forth below, the Court finds that withdrawal is not mandatory in this case. The Court also declines to exercise its discretion to withdraw the proceeding.

#### A. The Source of Strength Argument

One of the bases for Trustee's breach of fiduciary duty claim against Directors is that Directors should not have funneled money from Bancorp to Bank. For the purpose of this Motion, it is undisputed that Directors channeled some money from Bancorp to Bank after it had become apparent that Bank was failing. According to Trustee, given that Bank was going to fail regardless of the holding company's assistance, Directors should have let it fail sooner rather than later. This, according to Trustee, would have at least kept the damage from spreading into the holding company.

One of Directors' counter arguments to Trustee's theory is that Directors, in their capacity as the directors of the holding company, had a source of strength obligation to Bank. And they suggest the transfer of funds from Bancorp to Bank was in line with such obligation.

It is this dispute, centered on the Directors' obligation to channel funds from the holding company to Bank, that forms the foundation of Directors' first mandatory withdrawal argument. Directors correctly point out that absent withdrawal, Bankruptcy Court will have to determine if such source of strength obligation existed and if so, whether it mandated or authorized transfer of funds from Bancorp to Bank. This task, according to Bancorp, "presents complex issues of federal banking law and OTS regulatory authority." So Directors argue that the case should be withdrawn.

The problem with this argument is that the task is not nearly as complicated as Directors state because there is simply no law that creates a source of strength obligation on Directors. Directors point to two different sources of authority that might give rise to such obligation. First, they finger 12 C.F.R. § 225.4(a)(1), which states, "A bank holding company shall serve as a source of financial . . . strength to its subsidiary banks." There seems to be little genuine dispute between the parties, however, that this regulation, which is promulgated by the Federal Reserve Board ("FRB"), does not apply to thrift banks. As Directors admit, "OTS . . . has exclusive authority to regulate a thrift." (Mtn. to Withdraw, 10:13-16.) Since the cited regulation is promulgated by the FRB, it cannot give rise to any obligations for Directors.

The second authority that Directors point to comprises certain policy statements by the OTS that indicates OTS favors imposing or encouraging a similar source of strength obligation on thrift holding companies. Most relevant is a letter by the OTS in which one of the very fund transfers from Bancorp to Bank at issue in this case is deemed in line with Bancorp's source of strength obligation. Trustees counter this policy statement by correctly pointing out that OTS considered rule making to create a source of strength obligation for thrift holding

companies. After commencement of the notice and comment period, however, OTS did not follow through with its apparent intentions. Trustee also argues that the policy statements that Directors offer are irrelevant because they were communicated after Bancorp transferred the funds.

Although these policy statements do not point in the same direction and may need to be considered in this case, they do not justify withdrawal for two reasons. First, withdrawal is mandatory only where the court needs to consider federal "law," not non-binding policies. 28 U.S.C. § 157(d). Second, looking beyond the text of the withdrawal statute, the countervailing policies present a factual dispute at best. In considering whether Directors breached their fiduciary duty to Bancorp or whether they exercised sound business judgment, Bankruptcy Court may need to consider whether Directors were reasonable to believe that OTS required (or authorized) them to transfer money to Bank. Whether Directors' belief, based on non-binding policy statements by the OTS, justifies the money transfers in question, however, is a question of fact. Given that no law exists to mandate or authorize the transfer, the issue does not mandate withdrawal.

### B.     The Standing Argument And the FDIC's Limited Intervention

After Directors brought this Motion and after Trustee's Opposition was filed, the FDIC filed a "Limited Joinder" brief. Therein, the FDIC joins Directors in arguing that Trustee does not have standing to bring its claims against Directors. Although the arguments in support of this proposition are not entirely clear, the FDIC and Directors assert that Trustee does not have standing to bring a claim against Directors because 1) Trustee's claims against Directors is for Director's wrongdoing to Bank, not Bancorp, and therefor, the FDIC, as receiver of Bank, is the correct claimant; 2) Since Bancorp's only asset is Bank, there is nothing left for the Trustees; 3) the FDIC, as receiver of Bank, also succeeds to Bancorp's assets. Directors, and the FDIC, suggest that resolution of these three arguments require complex analysis of federal law.

As an initial matter, the Court **STRIKES** the FDIC's filing in this case, entitled "limited joinder." The FDIC is not a party to this action. As a non-party, the only avenue for entrance is a Rule 24 Motion to Intervene, which the FDIC did not pursue. Fed. R. Civ. P. 24. Nonetheless, disallowing the FDIC to present its arguments is hardly prejudicial to the FDIC because Directors have presented and briefed the Court on the matter and their interests is aligned with the FDIC's.

Next, the Court rejects the three standing arguments set forth above. The first argument does not require withdrawal because it does not bring to light any law that requires interpretation (or consideration for that matter). Whether Trustee's claims arise out of Directors' wrongdoing to Bank or Bancorp can be resolved by evaluating the claims as stated in the Complaint. The issue only presents a factual dispute: "What does Trustee claim?" The answer depends entirely on the facts asserted in the Complaint and not any federal law.

The second argument fails for a similar reason. Whether Bancorp has any assets other than what belongs to Bank is a question of fact. If Bancorp is an empty shell, there is nothing for Trustees to receive (All Bank's assets will be received by the FDIC). On the other hand, if there are some assets apart from what Bank owned, Trustee can claim it. The demarcation of assets present a factual dispute. Again, there is no need to interpret federal law here.

The third argument fails for a different reason. Directors have simply brought no law to this Court's attention that suggests the FDIC may receive what belongs to Bancorp aside from Bank's assets. Directors point out the statute which states that the FDIC must succeed to "all rights, titles, powers, and privileges of the [Bank], and of any stockholder [such as the holding company]." (Mtn. for Withdrawal, 15: 8-12.)(citing 12 U.S.C. § 1821 (d)(2)(A)(i)) But the statute is clear that the FDIC succeeds to the holding company "with respect to the [Bank] and the assets of the [Bank]." *Id.* The suggestion that by virtue of its appointment as receive of Bank, the FDIC is appointed receiver of the holding company as well, if indeed suggested by the parties' papers at all, stands in contrast to the clear text of the statute and does not require interpretation before rejection.

In their Reply, Directors argue that the mere fact that the Court need decide whether the issues set out above--the source of strength obligation and the standing issue--are applicable mandates withdrawal. The mere inquiry, according to Directors, is itself interpretation of federal law and requires withdrawal. The argument is unavailing. Although there is not much case law that provides guidance on the burden of proof on this issue, there at least must be a threshold level of showing that Bankruptcy case requires interpretation of federal law. In order

to evaluate whether that threshold is met, some inquiry into the substance of the case is inevitable. Otherwise, the mere filing of a motion to withdraw would suffice to make withdrawal mandatory. One could, for example, argue that the Federal Tort Claim Act mandates withdrawal in this case. Although the Act is clearly not implicated, the Court would be unable to decide the withdrawal motion without some minimal inquiry as to what the Act states and how it may be at issue in this case. Of course, Director's (and the FDIC's) arguments are much more sophisticated than the example offered here, but they similarly fail to establish the required minimum likelihood that resolution of the claims begs for more than straight forward application of facts to well-established federal law.

### C. The Discretionary Withdrawal Argument

The Court declines to exercise its discretion to withdraw the case from Bankruptcy Court. Directors argue that multiple cases between similar parties are ongoing in different district courts and that withdrawal serves the policy of judicial economy. Yet the cases in the district courts are shareholder derivative suits that sound in fraud and do not appear to have much in common with this case. Indeed, one district court has already refused to relate this case to one such lawsuit, explaining that the two cases present entirely different allegations and have very little in common. (Order Declining Transfer, Doc. 20.) Therefore, discretionary withdrawal is not warranted.

### V.  CONCLUSION

Trustee's Ex Parte Application to Strike the FDIC's Limited Joinder Filing is **GRANTED**. The FDIC's Limited Joinder Filing is **STRICKEN**. Director's Motion for Withdrawal is **DENIED**. The Court **REMANDS** this matter to the Bankruptcy Court.

**IT IS SO ORDERED**.

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |