MUNGER, TOLLES & OLSON LLP
  John W. Spiegel (SB# 78935)
  Kathleen M. McDowell (SB# 115976)
  Bradley R. Schneider (SB# 235296)
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
(213) 683-9100; (213) 687-3702 (fax)
john.spiegel@mto.com
kathleen.mcdowell@mto.com
bradley.schneider@mto.com

Attorneys for Defendants Louis E. Caldera, Lyle E. Gramley, Hugh M. Grant, Patrick C. Haden, Terrance G. Hodel, Robert L. Hunt II, Lydia H. Kennard, and Bruce G. Willison

COVINGTON & BURLING LLP
  David Bayless (SB# 189235)
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 662-6000; (202) 662-6291 (fax)
dbayless@cov.com

Attorneys for Defendant Michael W. Perry

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re INDYMAC BANCORP, INC., <br><br>Debtor. <br><br> ALFRED H. SIEGEL, solely as Chapter 7 Trustee of the estate of IndyMac Bancorp, Inc., <br><br>Plaintiff, <br><br>v. <br><br>LOUIS E. CALDERA, LYLE E. GRAMLEY, HUGH M. GRANT, PATRICK C. HADEN, TERRANCE G. HODEL, ROBERT L. HUNT II, LYDIA H. KENNARD, BRUCE G. WILLISON, AND MICHAEL W. PERRY, <br><br>Defendants. | Case No. 2:10-cv-00179-RGK <br> _____ <br><br> Bankr. Case No.: 2:08-21752-BB <br><br> Adv. Pro. No.: 2:09-02645-BB <br><br> **(1) NOTICE OF MOTION AND MOTION TO REOPEN CASE FOR THE PURPOSE OF MOVING FOR RECONSIDERATION, PURSUANT TO L.R. 7-18, OF ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE;** <br><br> **(2) MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: October 11, 2011 <br> Time: 9:00 a.m. <br> Judge: Honorable R. Gary Klausner <br> Courtroom: 850 |

15031923.1

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT at 9:00 a.m. on October 11, 2011, in the courtroom of The Honorable R. Gary Klausner, located at Courtroom 850 of the Edward R. Roybal Federal Building located at 255 East Temple Street, Los Angeles, California 90012, Defendants will and hereby do move the Court to reopen this case so that the Court may consider Defendants' accompanying Motion for Reconsideration of the Court's Order dated March 19, 2010 (ECF No. 37) denying Defendants' motion to withdraw the reference to the United States Bankruptcy Court for the Central District of California of the above-captioned adversary proceeding.  The Motion for Reconsideration is being brought pursuant to Local Rule 7-18 of this Court, on the ground that, subsequent to the Court's March 19, 2010 Order, the United States Supreme Court issued its decision in *Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L. Ed. 2d 475 (2011).  Under *Stern*, the Bankruptcy Court lacks the constitutional authority to adjudicate Plaintiff's state law claims against Defendants for breach of fiduciary duty and corporate waste.  Accordingly, the reference should be withdrawn so that the case can be resolved in the only federal forum with constitutional authority to do so.

This Motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on June 28, 2011.  Counsel held a further conference on August 30, 2011, at which time counsel discussed Defendants' intention to file the instant Motion to Reopen and accompanying Motion for Reconsideration, and agreed that they had fully discussed the substance of Defendants' Motion for Reconsideration during their June 28 conference.  The parties have been unable to reach a resolution, necessitating this Motion and the accompanying Motion for Reconsideration.

| | | |
|---|---|---|
| 1 | DATED: September 8, 2011 | MUNGER, TOLLES & OLSON LLP |
| 2 | | |
| 3 | | By: /s/ Bradley Schneider |
| | | Bradley R. Schneider |
| 4 | | Attorneys for Defendants |
| 5 | | LOUIS E. CALDERA, LYLE E. GRAMLEY, HUGH M. GRANT, PATRICK C. HADEN, TERRANCE G. HODEL, ROBERT L. HUNT II, LYDIA H. KENNARD, and BRUCE G. WILLISON |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | DATED: September 8, 2011 | COVINGTON & BURLING LLP /BRS |
| 10 | | |
| 11 | | By: /s/ David Bayless |
| | | David Bayless |
| 12 | | Attorneys for Defendant MICHAEL W. PERRY |

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants move to reopen this case so that the Court may consider Defendants' Motion for Reconsideration of the Court's March 19, 2010 order denying their motion to withdraw the reference (the "Order," ECF No. 37).

On January 11, 2010, Defendants moved to withdraw the bankruptcy reference pursuant to 28 U.S.C. § 157(d) with respect to the above-captioned adversary proceeding pending in the United States Bankruptcy Court for the Central District of California (ECF No. 1). This Court denied the motion and remanded the case to the bankruptcy court. This action was then administratively closed.

Defendant seek reconsideration of the Order in light of the Supreme Court's recent opinion in *Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L. Ed. 2d 475 (2011). Under Local Rule 7-18(b), a party may move for reconsideration of an order on the ground of a "change of law." As explained in Defendants' Motion for Reconsideration, *Stern* significantly changes the law of bankruptcy jurisdiction in ways that warrant reconsidering and granting Defendants' motion to withdraw the reference. Most fundamentally, *Stern* makes clear that the bankruptcy court lacks the constitutional authority to enter a final judgment on Plaintiff's state law claims for breach of fiduciary duty and corporate waste.

The reference should be withdrawn in these circumstances in the interest of judicial efficiency. *See Order re: In re IndyMac Bancorp Inc.*, 11-02600-RGK (C.D. Cal. May 17, 2011). Moreover, *Stern* warrants reconsideration and granting of Defendants' motion to withdraw the reference because the decision casts serious doubt on whether the bankruptcy court has subject matter jurisdiction to retain the case, even for the limited purpose of making proposed findings of fact and conclusions of law. A bankruptcy court has the statutory authority to enter proposed findings and conclusions only in non-core proceedings. *Stern*, however, establishes that Plaintiff's claims—because they were asserted as counterclaims to proofs of claims—are technically core. Thus, the bankruptcy court lacks the

1  statutory authority to enter proposed findings of fact and conclusions of law.  *See*
2  *Samson v. Blixseth* (*In re Blixseth*), 2011 WL 3274042 (Bankr. D. Mont. Aug. 1.
3  2011) (holding that a bankruptcy court lacks the statutory authority to make
4  proposed findings of fact and conclusions of law on a core claim that falls outside
5  its constitutional authority under *Stern*; hence, the claim either must be transferred
6  to district court or dismissed).
7      Because this case was closed on March 19, 2010, the case must be reopened
8  for the Court to consider the merits of Defendants' Motion for Reconsideration.
9  This Court has previously determined that it is not appropriate for Defendants to
10  file a separate action renewing their prior motion to withdraw the reference, but that
11  Defendants are free to seek relief under Fed. R. Civ. P. 60 or any other procedural
12  basis they may identify.  *See* Case No. 2:11-cv-6031-RGK, ECF No. 12.
13  Defendants are proceeding accordingly by filing the instant Motion to Reopen and
14  accompanying Motion for Reconsideration.
15      For the foregoing reasons, the Motion to Reopen should be granted.
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: September 8, 2011

MUNGER, TOLLES & OLSON LLP

By: /s/ Bradley Schneider
BRADLEY R. SCHNEIDER

Attorneys for Defendants LOUIS E. CALDERA, LYLE E. GRAMLEY, HUGH M. GRANT, PATRICK C. HADEN, TERRANCE G. HODEL, ROBERT L. HUNT II, LYDIA H. KENNARD, AND BRUCE G. WILLISON

DATED: September 8, 2011

COVINGTON & BURLING LLP

By: /s/ David Bayless
DAVID BAYLESS

Attorneys for MICHAEL W. PERRY